VICENTA LÓPEZ, Petitioner, *v.* DISTRICT COURT OF AGUADILLA, Respondent.

No. 806. Argued February 1, 1932.—Decided June 8, 1932.

*F. O'Neill* for petitioner. *Juan B. Soto* for the insurer Maryland Casualty Co.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a certiorari proceeding instituted by Vicenta López against the District Court of Aguadilla to review and annul a judgment of said court, alleged to have been rendered without jurisdiction, and which reversed a decision of the Industrial Commission in the matter of the death of the workman Bonifacio Rodríguez.

The lack of jurisdiction consists, according to petitioner, in that the appeal to the district court was taken by the insurer and not by the employer and in that the court examined and weighed the evidence in order to decide the appeal.

Let us consider the first question. The law cited as applicable is section 24 of Act No. 85 of 1928, which in its pertinent part reads as follows:

Section 24.—. . . . . .

"All remedies granted to employers by this Act may be exercised in their names by their insurers including the Superintendent of Insurance when the employer is insured in the State Insurance Fund."

In our opinion petitioner is wrong. The appeal taken by the insurer is not based on section 24 of the act, but on section 15 which reads thus: ·

"Section 15.—Within ten days after the service of notice, any party in interest may present certified copies of an order or decision of the Industrial Commission or of a decision of a commissioner from which no claim for review has been filed with the Commission within the time allowed therefor, or of a memorandum of agreement between the parties approved by the Industrial Commission, to the district court for the district in which the accident occurred with a petition for review, whereupon said court shall order the Industrial Commission to forward the record in the case, shall hear the parties to the controversy, shall render proper decision, and shall notify the parties. Decisions of the court shall have the same effect as a judgment rendered in a trial, but there shall be no appeal therefrom."

A mere reading of sections 10, 11, 12, and 13 of said Act No. 85 of 1928 is sufficient to conclude that in a case of this nature the insurer of the employer of the deceased workman, whose heirs claim compensation, is an interested party. The legislator himself calls him a party.

Furthermore, in the instant case the decision appealed from by the insurer, Maryland Casualty Company, concludes by directing as follows:

"Taking into consideration the age of the laborer and the wages he was earning, the compensation to be paid by the insurer, Maryland Casualty Co., is fixed in the amount of $1,200.

"  *    *    *    *    *    *    *    *    *

· "The Maryland Casualty Co. must issue a check for the sum of $84 in favor of Attorney Buenaventura Esteves for his professional services which represents 70 per cent of the total amount of $120. Another check must be issued to Attorney Francisco O'Neill for the sum of $36, which is 30 per cent of said sum of $120, for his professional services rendered.

"The balance remaining from the sum of $1,200 fixed as compensation after deducting the sum of $120 for attorney's fees, that is, the sum of $1,080, must be paid to the beneficiaries declared as heirs of the deceased laborer Bonifacio Rodríguez by the proper district court."

Any person, natural or juridical, upon which such obligations are imposed by a decision, is clearly an interested party in the case.

If the decision had been rendered against the employer, then the insurer could have appealed in his name as provided by section 24. But in the instant case the proceedings were directed against the insurer, as authorized by section 10 and succeeding sections of the law, and it was ordered to pay the compensation in the manner mentioned. Therefore, the insurer did not have to appeal in the name of the employer, but could do so directly as an interested party referred to in section 15.

Petitioner is not correct in the second question, either. No new evidence was offered in the district court. What the court did was to review the evidence submitted to the Industrial Commission, and to hold that it did establish that the laborer had died as a result of the injury suffered while working for the employer insured with the Maryland Casualty Co. The reasoning and conclusions of the court were fully expressed in an order, the last paragraph of which reads as follows:

"The question, then, is limited to deciding what caused the death of the laborer Bonifacio Rodríguez, and as the record does not show that the testimony given as an expert witness by the physician who attended the patient and who also issued his death certificate for registration in the civil registry, was false to such an extent as to be subject to exclusion or inadmissible as evidence; and it appearing, on the contrary, from all the statements included in the record that the conclusion reached by the doctor has not been overcome, we find and hold that the decision of the Industrial Commission of Puerto Rico under review should be reversed, as the same is not sustained by any evidence; and that Bonifacio Rodríguez died from pneumonia, as was certified to by the physician who treated him of said illness, an illness not covered by Act No. 85 of 1928, and there is no person entitled to receive compensation by reason of his death, except for the time during which he was partially incapacitated as a result of the injury which he received on January 4, 1929. Let it be notified."

In the case of *Maryland Casualty Co.* v. *District Court,* 41 P.R.R. 327, 329, this Court after stating the facts and transcribing section 15 of Act No. 85 of 1928, said:

"The court followed the procedure prescribed in the above section; it heard the parties and, as previously stated, it held that the amount awarded was fair and reasonable. In reaching that conclusion the court took into consideration the facts as they had been weighed by the Commission and as they appeared from the record sent up, and applied the law according to its best knowledge."

The writ must be discharged.

Mr. Justice Córdova Dávila took no part in the decision of this case.